```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                            :
DOMINICK BURTON             :
filing as next of friend    :
for DOMINICK PUGLIESE,      :
                            :
          Petitioner,       :   Civ. No. 20-5322 (NLH)
                            :
     v.                     :   OPINION
                            :
                            :
UNITED STATES OF AMERICA,   :
                            :
          Respondent.       :
_____ :
```

APPEARANCE:

Dominick Burton
12232 Redhawk Drive
Waynesboro, PA 17268

    Petitioner Pro se

HILLMAN, District Judge

    Dominick Burton seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 as a next friend of Dominick Pugliese, a prisoner at FCI Fort Dix.  See ECF No. 1 (petition).

Filing Fee

    The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks

to proceed in forma pauperis, that petitioner must submit an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings.

Here, Petitioner has failed to either include the $5 filing fee or an application to proceed in forma pauperis.  Petitioner must either submit the $5 filing fee or a complete application to proceed in forma pauperis for the habeas petition to be considered.

Conclusion

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[1]  Petitioner will be granted leave to apply to re-open within thirty (30) days, by paying the filing fee of $5.00 or submitting a complete in forma pauperis application.  An appropriate Order will be entered.

Dated: May 1, 2020                    s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).