UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____ :
                                 :
DOMINICK BURTON and              :
DONNA WATTS                      :
filing as next of friend for     :
DOMINICK PUGLIESE,               :
                                 :
        Petitioner,              :   Civ. No. 20-5322 (NLH)
                                 :
    v.                           :        OPINION
                                 :
UNITED STATES OF AMERICA,        :
                                 :
        Respondent.              :
_____ :

APPEARANCES:

Dominick Burton
12232 Redhawk Drive
Waynesboro, PA 17268

        Movant Pro se

Donna Watts
67-45 Kissena Blvd.
Flushing, NY 11367

        Movant Pro se

Dominick Pugliese
72837-067
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

        Petitioner Pro se

HILLMAN, District Judge

        Dominick Burton and Donna Watts seek to bring a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2241 as a next

friend of Dominick Pugliese, a prisoner at FCI Fort Dix.  See

ECF Nos. 1 & 4.  For the following reasons, the petitions are dismissed without prejudice for lack of standing.

<u>BACKGROUND</u>

Dominick Pugliese is a federal prisoner presently serving his sentence at FCI Fort Dix, New Jersey.  On April 28, 2020, Mr. Burton filed a request for home confinement on Petitioner's behalf due to the COVID-19 pandemic under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), § 12003(b), Pub. L. No. 116-136, 134 Stat. 281 (2020).[1]  ECF No. 1.  He states that "the defendant does not have reasonable accessibly [sic] to the courts, is currently under extreme duress and thus mentally incompetent and a combination of other factors contribute to the reasons why the real party in interest cannot appear on his own behalf to prosecute this action."  <u>Id.</u> at 1. He further states that "Defendant suffers from the following conditions: Asthma, as a result from a collapsed lung in 2005, and High Blood Pressure."  <u>Id.</u>  The Court administratively terminated the petition on May 1, 2020 as Mr. Burton did not pay

---

[1] To the extent the petitions assert claims under the First Step Act, the Court lacks jurisdiction over them because First Step Act claims must be filed in the sentencing court.  Mr. Pugliese does not appear to have been sentenced in the District of New Jersey.  There also is no indication Mr. Pugliese asked the Bureau of Prisons for release on home confinement, preventing consideration under the Second Chance Act.  <u>See</u> <u>United States v. Raia</u>, 954 F.3d 594, 595 (3d Cir. 2020).

the filing fee or submit an <u>in</u> <u>forma</u> <u>pauperis</u> application.  ECF
No. 3.

On May 26, 2020, the Clerk's office received a second §
2241 on behalf of Petitioner, this time filed by Ms. Watts.  ECF
No. 4.  Ms. Watts' submission was filed, and the matter reopened
as she had paid the filing fee.  Ms. Watts' submission is
identical to Mr. Burton's.

<u>STANDARD OF REVIEW</u>

Petitioner brings this petition for a writ of habeas corpus
as a pro se litigant.  The Court has an obligation to liberally
construe pro se pleadings and to hold them to less stringent
standards than more formal pleadings drafted by lawyers.
<u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Higgs v. Attorney</u>
<u>Gen. of the U.S.</u>, 655 F.3d 333, 339 (3d Cir. 2011), <u>as amended</u>
(Sept. 19, 2011) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106
(1976)).  A pro se habeas petition and any supporting
submissions must be construed liberally and with a measure of
tolerance.

Nevertheless, a federal district court must dismiss a
habeas corpus petition if it appears from the face of the
petition that Petitioner is not entitled to relief.  28 U.S.C. §
2254 Rule 4 (made applicable through Rule 1(b)); <u>see</u> <u>also</u>
<u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994); <u>Siers v. Ryan</u>, 773
F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989).

DISCUSSION

Mr. Burton and Ms. Watts seek to file their petitions as a next friend on Petitioner's behalf.  "[U]nder the 'next friend' doctrine, standing is allowed to a third person only if this third person could file and pursue a claim in court on behalf of someone who is unable to do so on his/her own."  In re Telfair, 745 F. Supp. 2d 536, 560 (D.N.J. 2010), aff'd in part, vacated in part sub nom. Telfair v. Office of U.S. Attorney, 443 F. App'x 674 (3d Cir. 2011).

The Supreme Court has set forth two requirements for asserting "next friend" standing. "First, a 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action."  Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." Id. at 163-64.  "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court."  Id. at 164.

Neither Mr. Burton nor Ms. Watts have met the requirements for filing as a next friend.  There is no information in the

4

petitions regarding their relationships with Petitioner other than a vague statement they are a "loved one."  ECF No. 1 at 1; ECF No. 4 at 1.  They also have not established that Petitioner is unable to pursue a habeas petition on his own behalf.  The petitions include no evidence supporting Mr. Burton's and Ms. Watts' contention that Petitioner does not have access to the Court and is incompetent to file his own petition.  Moreover, Petitioner is not being illegally held in a military prison as alleged by Mr. Burton and Ms. Watts; FCI Fort Dix is a federal correctional institution overseen by the civilian Bureau of Prisons, an agency of the Department of Justice.

In addition, "[i]n the federal courts, 'parties may plead and conduct their own cases personally or by counsel.'  This provision authorizes only 'two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself."'" Berrios v. New York City Hous. Auth., 564 F.3d 130, 132 (2d Cir. 2009) (quoting 28 U.S.C. § 1654; Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007)).  In other words, Petitioner can appear on his own behalf or with an attorney to represent him.  "A non-attorney cannot represent another party, even if acting as a next friend." Schlemmer v. Cent. Intelligence Agency, No. 19-3778, ___ F. App'x ____, 2020 WL 2465203, at *1 (3d Cir. May 13, 2020) (unpublished)(citing Berrios).

The Court must dismiss the petition as Mr. Burton and Ms. Watts lack standing to bring this petition.  The dismissal is without prejudice to Mr. Pugliese's ability to file a new § 2241 petition seeking this relief either on his own behalf or with the assistance of counsel.[2]  Alternatively, if Mr. Burton or Ms. Watts is able to retain representation and establish the Whitmore factors, they may move to reopen this matter.[3]

CONCLUSION

For the reasons set forth above, the petition is dismissed for lack of standing.  An appropriate Order follows.


Dated:  June 2, 2020                    s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[2] The Court expresses no opinion on whether Mr. Pugliese can otherwise meet the requirements, including the exhaustion requirement, of § 2241.

[3] Either Mr. Burton or Ms. Watts, not both, should move to reopen the case in the event of obtaining representation.